CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 26 2017

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:13CR00038-4 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| QWANESHA TYANN MORRIS, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Defendant Qwanesha Tyann Morris was found guilty following a six-day trial of conspiracy to distribute 28 grams or more of crack cocaine and was sentenced to 60 months in prison. She filed a motion to vacate, set aside, or correct her sentence, under 28 U.S.C. § 2255, raising multiple claims of ineffective assistance of counsel and prosecutorial misconduct. The government responded and Morris replied, making this matter ripe for adjudication. After review of the record and briefs, the court concludes that Morris has not raised any meritorious claims. Accordingly, the court will grant the United States' motion to dismiss and dismiss Morris' § 2255 motion.

## I. BACKGROUND

On September 26, 2013, a federal grand jury sitting in Roanoke, Virginia charged Morris and five codefendants in a one-count superseding indictment with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846. Morris was appointed counsel. On January 21, 2014, Morris and four codefendants

proceeded to trial.[1] The government argued that Morris was involved in a crack cocaine trafficking conspiracy by helping to collect money for the conspiracy when the two leaders of the conspiracy were incarcerated and renting cars that various members of the conspiracy used to facilitate drug sales. Tr. Trans. at 8-19, ECF No. 403. Prior to trial, the government and defense counsel stipulated that the rental car company records were business records and that the drug labs were sufficient to show the nature of the various seized substances. Stip. at 1, ECF No. 248.

The jury was tasked with determining whether Morris was guilty of conspiracy to distribute crack cocaine; and, if so, whether the conspiracy involved 280 grams or more of crack cocaine or, in the alternative, 28 grams or more of crack cocaine. The jury found Morris guilty of the lesser included offense of conspiracy to distribute 28 grams or more of crack cocaine. Verdict, ECF No. 274.

The Probation Department prepared a presentence investigation report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 26, corresponding to a drug amount of at least 28 grams but less than 112 grams of crack cocaine, and a criminal history category of II, resulting in an imprisonment range of 70 to 87 months. PSR ¶ 90, ECF No. 344. Defense counsel did not make any objections to the PSR. The government, however, objected, arguing that Morris should be held accountable for a much larger quantity of drugs as a member of the conspiracy. Id. at 23. A probation officer declined to amend the PSR, concluding that Morris' role was limited in the conspiracy and there was no indication that she had engaged in any direct distribution. Id.

---

[1] One codefendant, Joshua Tyree Poindexter, pleaded guilty and testified at trial as the prosecution's main witness.

On June 23, 2014, the court held a sentencing hearing. The government again objected to the PSR's drug quantity calculation for Morris, arguing that she was responsible for at least 140 grams of crack cocaine; defense counsel responded that Morris was peripherally involved in the conspiracy and the PSR should be adopted. Sent. Hr'g. Tran. at 42-44, ECF No. 406. The court sustained the government's objection, in part, and concluded that Morris' base offense level should be 28, resulting in an increased advisory guideline range of 87 to 108 months. Id. at 47. The court then sentenced Morris to 60 months' imprisonment. Judgment at 2, ECF No. 331. The court imposed a downward variance, concluding that Morris did not actively participant in the conspiracy in significant ways and was sporadically involved compared to her codefendants. Sent. Hr'g Tr. at 109, ECF No. 406.

Morris appealed, claiming that the trial court erred by sua sponte submitting to the jury a special verdict form that permitted the jury to make an alternative drug weight finding, admitting audio recordings of jailhouse conversations and ordering forfeiture. United States v. Jones, 622 F. App'x 204 (4th Cir. Aug. 24, 2015). The Fourth Circuit affirmed on all claims. Id. Morris timely filed this § 2255 motion. She asserts that counsel provided ineffective assistance at trial by failing to move to dismiss the indictment, agreeing to stipulations, failing to raise defenses, and unsuccessfully moving for acquittal. In addition, she claimed that counsel provided ineffective assistance at sentencing because counsel failed to argue that Morris qualified for a safety valve reduction in sentencing, and that she qualified for a minor role reduction. Morris also argues that the prosecution engaged in misconduct by presenting false testimony at the grand jury proceeding and trial. In addition,

3

in her response to the government's motion to dismiss, Morris raises three additional claims of ineffective assistance: (1) trail counsel failed to object to the drug weight attributed to her at sentencing; (2) trial and appellate counsel failed to argue that the district court should have given the jury an additional lesser-included-offense instruction; and (3) appellate counsel failed to argue that the district court erred by denying her motion for acquittal. Reply at 1, ECF No. 507.

## II. DISCUSSION

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that the sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Morris bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: the defendant must show both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. Id. at 669. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d

4

220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

(1) Trial Errors

Morris first argues that counsel was ineffective because he failed to move to dismiss the indictment prior to trial as the government did not have sufficient evidence that she was involved in the conspiracy. However, the principal purpose of an indictment is to apprise the accused of the charges against him or her in order to prepare a defense. United States v. Miller, 471 U.S. 130, 135 (1985). The purpose of a trial is to put the government's evidence to the test, such that a jury may convict only if there is evidence of guilt beyond a reasonable doubt. United States v. Powell, 469 U.S. 57, 67 (1984). Although Morris asserts that "there was no evidence in discovery" to tie her to the conspiracy, the appropriate juncture for counsel to challenge the evidence was at trial, which he did. However, a jury concluded that Morris was, in fact, involved. Because there was no basis for her counsel to move to dismiss the indictment, Morris cannot successfully assert deficient performance or prejudice. Strickland, 466 U.S. at 687.

Next, Morris argues that counsel erred by making various stipulations, including that rental car company records were business records and that the drug labs were sufficient to show the nature of the various seized substances. Morris does not explain how these

5

stipulations prejudiced her case. Counsel did not make any stipulation affecting Morris' guilt, only regarding the viability and classification of records that would be introduced at trial. It was the province of the jury to determine whether the rental car records and drug labs established Morris' guilt. Accordingly, counsel's stipulations pre-trial did not constitute ineffective assistance of counsel. Id.

Morris also argues that counsel failed to raise a "defense" at trial because he did not challenge the government's evidence of telephone calls involving her in which the term "cash out" was used. Specifically, Morris argues that a telephone call in which she expressed confusion regarding the term "cash out," was not played for the jury, which would have cast doubt on her involvement in the conspiracy. Morris asserts that the "cumulative use of [the term] 'cash out' throughout" the trial "heavily prejudiced" her. § 2255 Mot. at 16, ECF No. 478. However, counsel questioned a witness as to whether Morris was asked whether she understood what "cash out" meant, and the witness responded that he had not asked Morris that question. Tr. Trans. at 124, ECF No. 399. In addition, counsel challenged the government's use of the recorded telephone calls, and questioned whether the witness testifying about them had sufficient contact with Morris to identify her voice. Id. at 121, 133-35. Morris does not explain how additional challenges to the term "cash out" would have affected the outcome of the trial in light of the additional evidence presented by the government that Morris rented many cars which were used to carry out drug-related business. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (internal quotation omitted).

Finally, Morris argues that counsel was deficient for unsuccessfully moving for acquittal. Counsel made a motion for acquittal, arguing that the evidence linking Morris to the conspiracy was "almost nonexiste[nt]," however the court denied the motion, concluding that the government presented evidence from which the jury could find that Morris was involved in a drug conspiracy. Tr. Trans. at 107, 111-12, ECF No. 400. Morris asserts that counsel should have made additional arguments because there was no evidence that she "possessed crack cocaine." § 2255 Mot. at 16, ECF No. 478. However, Morris was indicted and convicted of conspiracy to distribute crack cocaine. A defendant convicted of conspiracy may be held accountable for the total amount of drugs attributable to all members of the conspiracy, as long as it is reasonably foreseeable to the defendant. See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (noting that "the district court may attribute to the defendant the total amount of drugs involved in the conspiracy, provided the drug quantities were reasonably foreseeable to the defendant and are within the scope of the conspiratorial agreement"); United States v. Sesere, 413 F. App'x 653, 659 (4th Cir. 2011). Accordingly, Morris' focus on her lack of possession and distribution of drugs, alone, is misplaced. Therefore, Morris has failed to establish that counsel erred with regard to his motion for acquittal. Strickland, 466 U.S. at 687.

(2) Sentencing Errors

Morris also argues that counsel provided ineffective assistance at the sentencing phase of her trial. Specifically, she argues that counsel failed to object when the government asserted that the PSR under-represented the amount of drugs attributable to her and failed to make a motion for a minor-role reduction to her sentence. A jury found Morris guilty of

7

conspiracy to distribute 28 grams or more of crack cocaine. This conviction carries a mandatory minimum sentence of 60 months' incarceration. 21 U.S.C. §§ 841(b)(1)(B) and 846. The court sentenced her to 60 months incarceration. Therefore, Morris cannot establish that her counsel's conduct with regard to challenging her guidelines range prejudiced her in any way. Strickland, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

In addition, Morris argues that she was eligible for a "safety valve" sentence and her counsel erred by failing to make this argument at sentencing. The safety valve provision allows defendants in drug cases to receive a sentence below the statutory mandatory minimum sentence if certain criteria are met. 18 U.S.C. § 3553(f). One such requirement is that the defendant may not have more than one criminal history point. Id. § 3553(f)(1). Morris had two criminal history points. PSR ¶¶ 63, 64, ECF No. 344. Accordingly, she was not eligible for safety valve relief. Therefore, her counsel did not err by failing to raise this issue at sentencing. Strickland, 466 U.S. at 687.

### B. Prosecutorial Misconduct

Morris also makes numerous claims of prosecutorial misconduct. These claims, too, are without merit.

1. Grand Jury Proceedings

Morris first alleges that the prosecution knowingly presented false testimony from Detective Vincent Haddox at the grand jury proceeding when he said that "there was a bag transported from Atlanta containing a kilo of cocaine." § 2255 Mot. at 14, ECF No. 478.

Specifically, Morris argues that because the only person to discuss that trip with law enforcement was Joshua Poindexter, a witness who never talked to Haddox before the grand jury proceeding, and who never said how much cocaine was transported because he did not know, the testimony was false. Morris admits, however, that Poindexter talked to two other law enforcement officers before the grand jury proceeding. Id. at 15. Hearsay testimony is not subject to exclusion at a grand jury proceeding. Costello v. United States, 350 U.S. 359, 364 (1956) (concluding that the purpose of the grand jury proceeding is to allow laymen to "conduct their inquiries unfettered by technical rules").

Moreover, Poindexter testified at trial that he believed that cocaine was purchased on the Atlanta trip and that he saw a codefendant handle "half a brick" of cocaine after the trip, which is half a kilogram of cocaine. Tr. Trans. at 153-54, ECF No. 403. Although Poindexter testified that he never saw the drug transaction, inconsistent testimony at a grand jury proceeding does not permit a challenge to the defendant's conviction. See United States v. Williams, 504 U.S. 36, 54 (1992) (noting that an indictment may not be challenged even when there is "inadequate," "incompetent" or "unreliable" evidence presented before the grand jury). At trial, defense counsel cross-examined Poindexter regarding the fact that he did not see the drug transaction during the Atlanta trip in order to cast doubt on his credibility as a witness. The jury could then draw its own conclusions regarding the reliability of the evidence. Accordingly, Morris can establish neither "actual prejudice," Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988), nor "willful prosecutorial misconduct," United States v. Feurtado, 191 F.3d 420, 424 (4th Cir. 1999).

9

## 2. Trial Stage

Next, Morris argues that the prosecution elicited false testimony from Haddox at trial when Haddox stated that he had never interrogated Morris. Morris provides a signed affidavit, in which she asserts that Haddox interrogated her at the police station without advising her of her rights, after she was arrested. § 2255 Mot. at 19-20, ECF No. 478. Assuming this is true, Morris does not explain what was said during the interrogation, and the interrogation was never presented as evidence at trial. Because Morris cannot establish that anything said at this alleged interrogation was admitted at trial, she cannot show that she was prejudiced by this encounter or that the prosecution engaged in misconduct at trial. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (noting that in order to gain relief based on prosecutorial misconduct, the defendant must show that "the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process").

### C. Amended Claims

Finally Morris raises three additional claims in her reply/motion to amend: (1) trial counsel erred by failing to make objections to the drug weight at sentencing; (2) trial and appellate counsel were ineffective for failing to argue "a lesser offense involving drug weight;" and (3) appellate counsel was ineffective for failing to argue a motion of acquittal on appeal. Because these claims were raised after the government responded to her initial § 2255 petition, Morris must obtain leave of court or written consent of the parties to amend her petition. Fed. R. Civ. P. 15(a)(2). Morris has not received such permission.

However, even if the court were to address her claims on the merits, she would not be entitled to relief. Her first claim that counsel's performance was deficient because he did

not contest the drug weight attributable to her during sentencing is unavailing because, as explained above, Morris cannot establish prejudice. She was subject to a statutory mandatory minimum sentence of 60 months, which is the sentence she received. Accordingly, any argument regarding drug weight, which would have affected her guideline range, but not the statutory mandatory minimum, would not have affected her sentence. Strickland, 466 U.S. at 694.

Her second argument is that counsel should have argued for a lesser included offense, namely, that the conspiracy involved distribution of less than 28 grams of crack cocaine. Morris was indicted for conspiracy to distribute 280 grams of crack cocaine, but following the trial, the court sua sponte charged the jury with determining whether the defendants were guilty of a lesser included offense: 28 grams to 279 grams. See United States v. Cabrera-Beltran, 660 F.3d 742, 753 (4th Cir. 2011) (noting that a court may permissibly charge a jury in a drug case with determining whether a defendant is guilty of a lesser included offense—a smaller quantity of the same drug—than that charged in the indictment). Morris argues, however, that the court should have additionally required the jury to determine whether the conspiracy was responsible for between one and 27 grams of crack cocaine. A defendant is entitled to a lesser-included offense instruction if requested and the evidence justifies it. United States v. Baker, 985 F.2d 1248, 1259 (4th Cir. 1993). Here, the evidence was sufficient to support Morris' conviction, a conviction the Fourth Circuit affirmed after reviewing the entire record. Jones, 622 F. App'x at 209. Accordingly, her claim that counsel erred by failing to argue that the jury should be instructed on an additional lesser-included offense is without merit. Strickland, 466 U.S. 694.

11

Finally, Morris argues that appellate counsel was ineffective for failing to argue that the district court erred by denying her acquittal motion because there was no evidence that 28 grams of crack cocaine were seized while she was involved in the conspiracy. Appellate counsel is presumed to act reasonably in selecting which issues to raise "to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000); Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). This presumption is overcome only when ignored issues are clearly stronger than those presented. Smith, 528 U.S. at 288. The denial of the acquittal motion was not stronger than the issues raised on appeal as the government presented evidence that Morris rented cars and collected some money for the drug conspiracy. Accordingly, Morris cannot establish that had appellate counsel argued that she was not, in fact, guilty of conspiracy to distribute even 28 grams of crack cocaine, she would have obtained a "more favorable" result. Strickland, 466 U.S. at 695.

### III.

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 498, and **DISMISSES** Morris' motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, ECF No. 478. Because Morris has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

ENTER: This 25th day of April, 2017.

/s/ Michael F. Urbanski
United States District Judge